IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARSHALL MOFFETT,

    Petitioner,

vs.                                     Case No. 4:07cv191-MP/WCS

JAMES R. McDONOUGH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a memorandum of law with supporting exhibits. Docs. 1 and 3. He filed a motion to proceed in forma pauperis, but later paid the $5.00 filing fee. As the fee was paid, the motion is denied by separate order as moot.

    Petitioner then filed an amended § 2254 petition using forms provided by the clerk. Doc. 5. The petition references exhibits, presumably those attached to the memorandum filed as doc. 3.

    Petitioner indicates that the judgment under attack was imposed by the Thirteenth Judicial Circuit, Hillsborough County, on November 20, 2006. Doc. 5, p. 1. In ground one, Petitioner claims that he did not enter a guilty plea to the charges, never

had a trial, and no verdict was returned by a jury. *Id.*, p. 4. "Petitioner NEVER ENTERED A COURT ROOM ON DECEMBER 4, 1984." *Id.* In ground two, he asserts he is in custody for two different judgments, both of which were "signed by the same judge, same day, same case, for petitioner, however one renders a finding of guilt of kidnapping, the other, kidnapping and sexual battery." *Id.* In ground three, Petitioner claims the trial court ruled the case would be transferred to Tennessee but did not retain jurisdiction. *Id.*, p. 5. He states the "[t]rial court coerced petitioner into signing a document stating he was guilty in trial court chambers, for ruling petitioner's case would be transferred to Tennessee. Trial court did not rule that it would retain jurisdiction." *Id.* *Id.*

Additional clarification is set forth in the pro se petition for writ of habeas corpus filed in state court, attached to Petitioner's memorandum. Doc. 3, Ex. B. Petitioner stated there that he was arrested in January 1982 "for kidnapping and sexual battery of his lawfully wedded wife," and trial was postponed for 34 months after his arrest. Ex. B, p. 2. In November of 1984 the prosecutor advised that there was a witness who was pregnant and could not travel, and that the State had offered probation. *Id.* Petitioner alleges that:

> The trial court advised petitioner, in open court, to accept the deal or plan on staying in jail for a lot longer time. Petitioner stated his innocence and the trial court ordered petitioner back to jail with no new trial date or any other court date scheduled.
>
> On December 4, 1984 petitioner was taken to the trial court judge's chambers where he was threaten[ed] and coerced into signing a document which stated he was guilty. The trial court ruled that petitioner's case would be transferred to Tennessee but did not rule that the trial court would retain jurisdiction of your petitioner.

Case No. 4:07cv191-MP/WCS

*Id.*, pp. 2-3.

Petitioner claims that from 1985 to January of 2006 he was not in the State of Florida. *Id.*, pp. 3-4. At a Florida violation of probation hearing held in February of 2006, the State argued "that all of petitioner's files, records and transcripts had been lost, except for the Original Judgment, three (3) letters [allegedly] written and mailed in 1986 by your petitioner, to the District Attorney's office[,] and a probation file." *Id.*, p. 4. Petitioner was found guilty of violating his Florida probation on November 20, 2006, and sentenced to ten years. *Id.* In the state habeas petition, Petitioner questioned the likelihood of his records being lost by the prosecutor, public defender, court reporter, and the clerk, implying the records had not been lost. *Id.*, pp. 5-6. He asserted there was no factual basis for his guilty plea, overwhelming evidence of innocence, and no legal basis for his custody. *Id.*, p. 6. He said that at the violation of probation hearing two judgments were introduced, one for kidnapping and the other for sexual battery and kidnapping, and it was "ruled that the latter was the Original Judgement." *Id.*, p. 7.

In his memorandum filed in this court, Petitioner argues that Respondent made up an excuse that the records were destroyed or lost, without identifying which were destroyed and which lost. Doc. 3, p. 3. He claims that the reason there are no records – of him pleading guilty, being adjudicated guilty, or being sentenced in open court in 1984 – is "because it never occurred." *Id.* He argues that he was never convicted of an offense in Hillsborough County. *Id.*, pp. 6-7.

At the outset, it appears that Petitioner is now challenging the judgment on violation of probation, rather than the 1984 judgment, which he contends does not

exist.[1]  Further, an attempt to collaterally attack the 1984 judgment would be untimely, and would not justify relief from the judgment on revocation of probation.  *See* 28 U.S.C. § 2244(d)(1) (setting a one year limitations period[2]); United States v. Francischine, 512 F.2d 827, 828-829 (5th Cir.), *cert. denied,* 423 U.S. 931 (1975) (the validity of the underlying conviction is not subject to attack in a probation revocation proceeding); United States v. Hofierka, 83 F.3d 357, 363-364 (11th Cir. 1996),[3] (rejecting claim that court improperly relied on state court judgment of conviction in revoking release notwithstanding claim that it was based on an unconstitutional guilty plea) (collecting cases, including Francischine).

Whether it is the underlying conviction or the sentence on violation of probation, the judgment was imposed in Hillsborough County.  Petitioner, previously held at Taylor Correctional Institution, was recently transferred to Wakulla Correctional Institution.  *See* doc. 10.  Both institutions are located in this district, but the judgment at issue was

---

[1] In the Tennessee case for aggravated sexual battery, Petitioner "informed the court that in 1984 he was convicted in Florida of kidnapping and sexual battery, and he received seven-year concurrent sentences," and sought a ruling that they not be used to impeach him.  State v. Moffett, 729 S.W.2d 679, 680-681 (Tenn. Ct. App. 1986).  The Florida felony for which Petitioner was on probation at the time of the Tennessee offense, presumably one or both of the 1984 sentences, was apparently not chargeable as a criminal act in Tennessee.  *Id.*, at 683 (finding the trial court had to aggravate the sentence as Petitioner was on probation for a felony when the Tennessee offense was committed, even if the felony was not recognized in that state, remanding for appropriate sentencing).

[2] Inmates whose convictions became final before April 24, 1996 (the effective date of the limitation period), had one year from that date to file a § 2254 petition.  Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

[3] The opinion was modified on denial of rehearing but not in relevant part; footnote 7 was deleted.  United States v. Hofierka, 92 F.3d 1108 (11th Cir. 1996), *cert. denied,* 519 U.S. 1071 (1997).

imposed in the Middle District.  Jurisdiction is appropriate here and in the Middle District, as the districts of confinement and conviction.  28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Middle District under § 2241(d).  See also, Parker v. Singletary, 974 F.2d 1562, 1582 and n. 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting the practice in district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**