IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARSHALL MOFFETT,

    Petitioner,

v.                                                          CASE NO. 4:07-cv-00191-MP-WCS

JAMES R. McDONOUGH,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 11, Report and Recommendation of the Magistrate Judge, recommending that this case be transferred to the United States District Court for the Middle District of Florida. The Magistrate Judge filed the Report and Recommendation on Monday, June 25, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his objections, Petitioner repeats the claims in his amended petition, and clarifies that he does not seek to attack the judgments from 1984, but rather the judgment on the violation of probation from 2006. This judgment was imposed in Hillsborough County, which is in the Middle District. Petitioner, however, is currently confined in the Northern District, making jurisdiction proper in either the Middle or Northern District. Petitioner objects to the Magistrate's recommendation that this case be transferred to the Middle District, stating that no witnesses are present in Tampa. District courts should give careful consideration to the convenience of witnesses before transferring a case under 28 U.S.C. § 2241(d). See Mitchell v.

Henderson, 432 F.2d 435, 436 (5th Cir.1970) ( "The purpose of [section 2241(d) ], of course, is to provide a more convenient forum for witnesses.").

The claims for relief in Petitioner's amended petition allege that he did not enter a guilty plea to the charges and was convicted without a trial, that he is in custody for two different judgments, and that the "[t]rial court coerced petitioner into signing a document stating he was guilty in trial court chambers, for ruling petitioner's case would be transferred to Tennessee. Trial court did not rule that it would retain jurisdiction."  These claims all allege incidents that occurred in the district of conviction.  The Court agrees with the Magistrate that because the Middle District is the district of conviction, it is the most convenient and appropriate venue under 28 U.S.C. § 2241(d).  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The Clerk is directed to transfer this case to the United States District Court for the Middle District of Florida.

**DONE AND ORDERED** this __19th__ day of July, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
